**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Samuel Eddie Pheasant, | ) | Civil Action No.: 6:21-cv-02013-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Warden Antonelli, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") issued on July 23, 2021. (ECF No. 10.) The Report recommends that the court dismiss Petitioner Samuel Pheasant's Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice based on a lack of subject matter jurisdiction. For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 10), incorporates it herein, and **DISMISSES** without prejudice the Petition for Writ of Habeas Corpus (ECF No. 1).

**I.    RELEVANT BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 13.) As brief background, on December 5, 2006, Petitioner was found guilty by a jury of first-degree murder and the use and carry of a firearm in relation to the murder. (ECF No. 10 at 1.) On November 5, 2007, the United States District Court for the Western District of North Carolina sentenced Petitioner to life imprisonment, to be followed by one hundred and twenty (120) months' imprisonment and then five (5) years supervised release. (*Id.*) Petitioner filed a direct appeal in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). *See United States v. Pheasant*, 320 F. App'x 160, 161 (4th Cir. 2009). The Fourth Circuit affirmed Petitioner's conviction and sentence on April 2, 2009. *See id.*

Petitioner filed a motion under 28 U.S.C. § 2255 in the sentencing court on August 21, 2009. *See United States v. Pheasant*, No. 2:09-cv-46-MR, 2012 WL 3870508, at *11 (W.D.N.C. Sept. 6, 2012). The sentencing court denied Petitioner's motion. *See id.* On November 13, 2012, Petitioner appealed the denial to the Fourth Circuit. *See United States v. Pheasant*, 518 F. App'x 226, 227 (4th Cir. 2013). The Fourth Circuit dismissed the appeal. *Id.*

On June 4, 2018, Petitioner filed his first petition with this court, asserting three (3) grounds for habeas relief. *Pheasant v. Antonelli*, No. 6:18-cv-1516-JMC, 2020 WL 6799018, at *5 (D.S.C. Nov. 19, 2020), *aff'd*, 848 F. App'x 137 (4th Cir. 2021). First, Petitioner asserted he was actually innocent "of the elements which constitute[ ] a conviction of first[-]degree murder." *Id.* Second, Petitioner asserted that he was "actual[ly] innocent" of his 18 U.S.C. § 924 conviction because "the government [failed] to charge [him with] a codified federal offense." *Id.* Lastly, Petitioner asserted that he "was denied adequate assistance of counsel[ ] before and during his capital jury trial" in violation of the Sixth Amendment. *Id.* This court dismissed the petition upon finding that the court lacked subject matter jurisdiction.

On July 6, 2021, Petitioner filed the instant Petition, reasserting the actual innocence arguments asserted in his June 4 petition and seeking habeas relief under 28 U.S.C. § 2241.[1] (ECF No. 1 at 1.) On July 23, 2021, the Magistrate Judge issued the Report and Recommendation at issue, concluding that the Petition should be dismissed because the court lacks jurisdiction to consider it. (ECF No. 10.) On August 11, 2021, Petitioner filed an objection to the Report. (ECF No. 13.) The court considers the merits of Petitioner's objection below.

---

[1] As a *pro se* litigant, Petitioner's pleadings, while accorded liberal construction and held to a less stringent standard than pleadings drafted by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), must nevertheless allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F2d 387, 391 (4th Cir. 1990).

2

## II.     LEGAL STANDARD

### A.     Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B.     Habeas Petitions Pursuant to 28 U.S.C. § 2241

"[I]t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. However, a petitioner can challenge

his federal sentence under § 2241 if he can satisfy the jurisdictional requirements of the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018) (expressly observing that "the savings clause requirements are jurisdictional"). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citations omitted). "[I]f a petitioner cannot meet the savings clause requirements, then the § 2241 petition 'must be dismissed for lack of jurisdiction.'" *Robinson v. Hutchinson*, No. 6:19-2831-RMG-KFM, 2019 WL 7580087, at *4 (D.S.C. Nov. 26, 2019) (quoting *Rice*, 617 F.3d at 807).

### III.     ANALYSIS

**A.     The Report and Recommendation**

Initially, the Magistrate Judge determined the Petition is subject to summary dismissal because it is repetitive of Petitioner's earlier petition. (ECF No. 10 at 4.) The Magistrate Judge explained that "[a]lthough the prior petition was dismissed without prejudice, the dismissal noted

that these grounds for relief were not properly brought before this court pursuant to § 2241." (*Id.* (citing *Pheasant v. Warden Antonelli*, 2020 WL 6799018).)

The Magistrate Judge also found that the Petition is subject to dismissal because Petitioner cannot meet the § 2255 savings clause test. (ECF No. 10 at 4.) The Magistrate Judge explained Petitioner "alleges that relief under § 2255 is not available to him because he has been unsuccessful in the sentencing court, does not have newly discovered evidence, and there has not been an intervening change in the law[.]" (ECF No. 10 at 5 (citing ECF No. 1 at 5).) However, the Magistrate Judge clarified that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." (*Id.* (citing *In re Vial*, 115 F.3d at 1194 n.5).)

The Magistrate Judge further noted that "to the extent the petitioner argues 'actual innocence,' his claims still fail." (ECF No. 10 at 6.) The Magistrate Judge found that Petitioner's actual innocence claim is facially inadequate because he has not "support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." (ECF No. 10 at 6–7 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).) Ultimately, the Magistrate Judge determined that Petitioner "cannot use 'actual innocence' to bypass the gatekeeping requirements of § 2255 and use the present § 2241 petition to seek § 2255 relief via that statute's savings clause." (*Id.* at 7.) To the extent Petitioner's § 2241 petition could be liberally construed as a challenge to the sentence he received for his convictions, the Magistrate Judge found that the petition does not meet the *Wheeler* test because Petitioner has not asserted a change in the law made retroactive on collateral review. (*Id.* at 7–8.)

5

B.    **Petitioner's Objection**

Petitioner objects to the Magistrate Judge's findings and contends that actual innocence is an avenue that is cognizable to bypass the statutory savings clause. (ECF No. 13 at 1.) Petitioner claims the Magistrate Judge improperly "limited the scope and range of the § 2241 application just to that of the savings clause requirement of the need for a change in law." (*Id.* at 2.) Petitioner contends his claim constitutes an exceptional circumstance, a fundamental defect, and a miscarriage of justice because the savings clause is not limited to situations in which there is a change in Supreme Court law. (*Id.* at 4.)

C.    **The Court's Review**

The court agrees with the Magistrate Judge's finding that this petition does not fall within the § 2255 savings clause. The Report correctly notes that habeas petitioners challenging their convictions and sentences must meet the four-factor test expressed in *Wheeler*, and the court agrees that Petitioner cannot meet these requirements because the applicable substantive law has not changed since his conviction. In *Wheeler*, the Fourth Circuit extended the *In re Jones* savings clause test to sentencing errors "sufficiently grave," *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016), enough "so as to be deemed a 'fundamental defect,'" *Wheeler*, 866 F.3d 415 at 429 (citing *In re Jones*, 226 F.3d 328, 333 n.3 (4th Cir. 2000)). Here, Petitioner is not challenging the calculation or the execution of his sentence. Instead, Petitioner challenges his conviction and asks for a new trial or to be released based on actual innocence. (ECF No. 1-1 at 1.) Because Petitioner is "attack[ing] the validity of his sentence, his claim is the type which normally should be brought under § 2255." *Brown v. Rivera*, No. 9:08-cv-3177-PMD, 2009 WL 960212, at *2 (D.S.C. Apr. 7, 2009) (citation omitted); *see also Wester v. Yancey*, No. 9:05-cv-2339-MBS, 2006 WL 240598, at *2 (D.S.C. Jan. 30, 2006) (citations omitted) ("It is well-settled that a federal prisoner must

challenge the underlying validity . . . of his sentence under 28 U.S.C. § 2255[,] rather than 28 U.S.C. § 2241.").

As stated above, Petitioner's previous § 2255 petition was denied by the sentencing court, and Petitioner may not open another habeas pathway via § 2241 to this court "merely because [his] prior § 2255 motion was unsuccessful." *Hart v. Warden of Edgefield Fed. Corr. Inst*, No. 8:20-cv-02402-BHH, 2020 WL 5535855, at *3 (D.S.C. Aug. 13, 2020) (citing *Chrisholm v. Pettiford*, No. 6:06-cv-2032-PMD, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006)).  Further, the instant Petition repeats the arguments set forth in the previously dismissed petition.  As such, Petitioner's claims do not fall within the savings clause of § 2255, and the court is without jurisdiction to consider the merits of Petitioner's claims.

Although Petitioner contends the Magistrate Judge improperly limited the scope of the § 2255 savings clause, the Magistrate Judge did address Petitioner's actual innocence claim in the Report.  (*See* ECF No. 10 at 6–7.)  As the Magistrate Judge correctly explained, cognizable claims of "actual innocence" are rare, and must be based on "factual innocence not mere legal insufficiency." (*Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (noting that to succeed on actual innocence grounds a petitioner must show that he "did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent")).)  A claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare" and the exception only applies in limited circumstances where the petitioner shows "that it is more likely

7

than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

Petitioner's actual innocence argument centers on the Government purportedly failing to meet its burden of proof as to each element of the offense at trial and a claim of ineffective assistance of counsel. (ECF No. 1 at 6–7.) Petitioner does not discuss or present new evidence and therefore he has not made the requisite showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. As such, the Magistrate Judge correctly found that Petitioner has not made a sufficient showing of actual innocence to overcome the procedural bar. This objection is therefore overruled. Accordingly, the court accepts the Magistrate Judge's recommendation and dismisses the case for lack of jurisdiction

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10), incorporates it herein, and **DISMISSES** without prejudice the Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 17, 2022
Columbia, South Carolina

9